Richard C. Norton, Esq. (Cal. Bar No. 135024)
NORTON MOORE & ADAMS, LLP
501 West Broadway, Suite 800
San Diego, California 92101
Telephone: (619) 233-8200
Facsimile: (619) 393-0461

Attorneys for Gerald H. Davis, Chapter 7 Trustee

UNITED STATES BANKRUPTCY COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>ROBERT DUANE RENS,<br><br>    Debtor.<br><br>GERALD H. DAVIS, TRUSTEE,<br><br>    Plaintiff,<br><br>v.<br><br>CHERI LEE HUBKA SPARHAWK, as Trustee of the Trust Agreement of Elmer Rens and Jeanne Rens, dated January 6, 1977, also known as the Elmer and Jeanne Rens Trust; ROBERT DUANE RENS, an individual;<br><br>    Defendants. | CASE NO. 17-04050-LA7<br><br>Adversary No.<br><br>**COMPLAINT FOR (1) DECLARATORY RELIEF; AND (2) TURNOVER OF PROPERTY**<br><br>[11 U.S.C. §§ 541(a), 542(a), 544(a)]<br><br>Dept: 2<br>Honorable Louise DeCarl Adler |

      Plaintiff, Gerald H. Davis, Chapter 7 trustee of the above-captioned bankruptcy estate (hereinafter referred to as "plaintiff" and/or "Trustee"), for claims for relief against defendants, and each of them, alleges as follows:

///

///

-1-
COMPLAINT FOR DECLARATORY RELIEF AND TURNOVER

**JURISDICTION**

1. Jurisdiction is vested in this court pursuant to 28 U.S.C. §§ 157(b) and 1334, and General Order 312-D of the United States District Court, Southern District of California. This is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A), (E) and (O).

2. Pursuant to Rule 7008, Plaintiff hereby consents to the entry of final orders or judgment by the Court.

3. Pursuant to Local Bankruptcy Rule 7008-1, if the Court determines this proceeding is a core proceeding, Plaintiff hereby consents to the entry of final orders or judgment by the Court.

**VENUE**

4. Venue is proper in the Southern District of California pursuant to 28 U.S.C. § 1409 because the claims for relief presented herein arise from the underlying Chapter 7 bankruptcy case of In re Robert Duane Rens, Case No. 17-04050-LA7, which was filed on July 4, 2017.

**PARTIES**

5. Plaintiff, Gerald H. Davis, is the duly appointed and qualified Chapter 7 trustee of the bankruptcy estate of In re Robert Duane Rens, Case No. 17-04050-LA7, pursuant to bankruptcy court order entered on July 4, 2017.

6. Plaintiff is informed and believes and based thereon alleges that defendant, Cheri Lee Hubka Sparhawk, is, and at all times mentioned herein was, an individual residing in the County of San Diego, State of California, and is sued herein in her capacity as the Trustee of the Trust Agreement of Elmer Rens and Jeanne Rens, dated January 6, 1977, also known as the Elmer and Jeanne Rens Trust, amended on July 21, 1981, July 30, 1985, and May 27, 1998 (hereinafter the "Rens Trustee" and/or "Ms. Sparhawk").

7. Plaintiff is informed and believes and based thereon alleges that defendant, Robert Duane Rens, is, and at all times mentioned herein was, an individual residing in the County of San Diego, State of California, and is the debtor in this bankruptcy proceeding (hereinafter referred to as "Debtor" and/or "Mr. Rens").

8.    Plaintiff is informed and believes and based thereon alleges that on or about January 6, 1977, Elmer Everett Rens and Jeanne Louise Rens (hereinafter the "Rens Parents"), created the Trust of Elmer Everett Rens and Jeanne Louise naming themselves as the Trustors and the Trustees of said trust, amended on July 21, 1981 (hereinafter the "First Amendment"), and amended again on July 30, 1985 (hereinafter the "Second Amendment"), and amended again on May 27, 1998 (hereinafter the "Third Amendment") (collectively referred to as the "Rens Family Trust").

9.    Plaintiff is informed and believes and based thereon alleges that the terms and conditions of the Rens Family Trust provided that any distributions of income and/or trust property would be distributed equally to the beneficiaries of the trust who were the three (3) children of the Rens Parents, Corinne V. (Rens) Hubka, and Lee E. Rens and the debtor, Robert D. Rens (collectively the "Beneficiaries").

10.    Plaintiff is informed and believes and based thereon alleges that the trust property of the Rens Family Trust consisted of an undivided one-half interest in the following real property:

> Lot 1, Miramar Business and Industrial Park, in the City of San Diego, County of San Diego, State of California, according to Map thereof No. 9715, filed in the Office of the County Recorder of San Diego County, July 15, 1980 with a Property address: 7550-7590 Miramar Road, San Diego, CA 92126; and an Assessors Parcel Number: 343-081-10 (hereafter "Miramar Business and Industrial Park II or "Miramar Park") is an asset of Trust A.

(Hereinafter the "Trust Property" or the "Miramar Park Property.")

11.    Plaintiff is informed and believes and based thereon alleges that at all relevant times mentioned herein, the Trust Property was, and is, subject to a certain ground lease which terminates in the year 2035, and is described in the Rens Family Trust as follows:

> "The Miramar Park trust asset is subject to a long term Ground Lease dated September 1, 1978; First Amended August 1, 1980; Second Amended August 15, 1992, Third Amended January 8, 1997, which lease naturally terminates in the year 2035."

-3-   COMPLAINT FOR DECLARATORY RELIEF AND TURNOVER

1  (Hereinafter the "Ground Lease.")

2      12. Plaintiff is informed and believes and based thereon alleges that the Rens Family Trust provides that the income arising from the Ground Lease would be distributed equally to the three Beneficiaries (the "Income Distribution"), described as follows:

> "I direct the Trustee to distribute income from the Ground Lease to Miramar Park to (1) CORINNE V. (RENS) HUBKA, (2) LEE E.RENS, and (3) ROBERT D. RENS, or the living issue of a deceased child by right of representation, in equal shares, share and share alike. Notwithstanding any provisions to the contrary, the principal of Miramar Park shall not be distributed until the natural termination of the Ground Lease."

    13. Plaintiff is informed and believes and based thereon alleges that the Rens Family Trust provides that "[n]o income beneficiary shall anticipate, assign, alienate, or encumber the title, principal or income of Trust assets, particularly Miramar Park, voluntarily or involuntarily, nor subject any of the Trust assets to creditor's claims, liability, attachment, execution, or process of law."

    14. Plaintiff is informed and believes and based thereon alleges that the terms and conditions of the Rens Family Trust provides that the Trust Property (also known as the Miramar Park Property) shall be distributed to the Beneficiaries upon the natural termination of the Ground Lease which is July 31, 2035 (hereinafter the "Trust Termination Date").

    15. Plaintiff is informed and believes and based thereon alleges that the terms and conditions of the Rens Family Trust provide that the distribution of Debtor's share of the Trust Property shall be subject to certain advances made to the Debtor in the amount of $600,000 which had been received by the Debtor during his lifetime (hereinafter the "Debtor's Advancements").

    16. Plaintiff is informed and believes and based thereon alleges that Trustor, Jeanne Louise Rens, died in March 1986.

    17. Plaintiff is informed and believes and based thereon alleges that the Rens Family Trust became irrevocable upon the death of surviving Trustor, Elmer Everett Rens, on January 26, 1999.

18. Plaintiff is informed and believes and based thereon alleges that in August 2013, defendant, Cheri L. Hubka Sparhawk, became the Successor Trustee of the Rens Family Trust.

19. On or about July 4, 2017, the Debtor filed with this Court a petition for relief pursuant to the provisions of Chapter 7 of Title 11, United States Bankruptcy Code.

20. As of the commencement of the bankruptcy proceeding, pursuant to 11 U.S.C., Section 544(a)(1), the plaintiff, as Chapter 7 Trustee of the bankruptcy estate, has the rights and powers of, or may avoid any transfer of property of the debtor or any obligation incurred by the debtor that is voidable by "a creditor that extends credit to the debtor at the time of the commencement of the case, and that obtains, at such time and with respect to such credit, a judicial lien on all property on which a creditor on a simple contract could have obtained such a judicial lien, whether or not such a creditor exists."

21. Plaintiff is informed and believes and based thereon alleges that after the bankruptcy petition was filed on July 4, 2017, defendant, Cheri L. Hubka Sparhawk, as the Successor Trustee of the Rens Family Trust, tendered monthly payments in the amount of approximately $4,216.25 ("Monthly Trust Income") from the Rens Family Trust to the debtor, Mr. Rens, representing the debtor's share of the rental income paid under the Ground Lease.

**FIRST CLAIM FOR RELIEF**

**(Declaratory Relief, 11 U.S.C. § 541, 544(a)(1), Calif. Probate Code §§15300-15307)**
**(Against All Defendants)**

22. Plaintiff realleges and incorporates by reference each and every allegation contained in Paragraphs 1 through 21 of this Complaint.

23. An actual controversy has arisen and now exists between Plaintiff, on the one hand, and Defendants, and each of them, on the other hand, concerning their respective rights, duties and interests in the Monthly Trust Income from the Rens Family Trust, in that Plaintiff contends that:

    (A) Twenty five percent (25%) of Debtor's Monthly Trust Income payments from the Rens Family Trust which have accrued, and will accrue in the future, beginning from the date of the petition until the Ground Lease

terminates on July 31, 2035, is property of the bankruptcy estate under 11 U.S.C., Section 541(a).

24. Defendants, and each of them, dispute these contentions of Plaintiff and contend as follows:

    (A) Twenty five percent ( 25%) of Debtor's Monthly Trust Income payments from the Rens Family Trust which have accrued, and will accrue in the future, beginning from the date of the petition until the Ground Lease terminates on July 31, 2035, is not property of the bankruptcy estate under 11 U.S.C., Section 541(a).

25. Plaintiff desires a judicial determination of his rights and duties in the Monthly Trust Income from the Rens Family Trust and any property arising therefrom, a declaration that:

    (A) Twenty five percent ( 25%) of Debtor's Monthly Trust Income payments from the Rens Family Trust which have accrued, and will accrue in the future, beginning from the date of the petition until the Ground Lease terminates on July 31, 2035, is property of the bankruptcy estate under 11 U.S.C., Section 541(a).

26. A judicial declaration is necessary and appropriate at this time under the circumstances in that Plaintiff must ascertain his rights, duties and interests as they relate to the debtor's interest in the Monthly Trust Income from the Rens Family Trust and any property arising therefrom, and the above-described allegations.

### SECOND CLAIM FOR RELIEF

**(Declaratory Relief,  11 U.S.C. § 541, 544(a)(1), Calif. Probate Code §§15300-15307)**
**(Against All Defendants)**

27. Plaintiff realleges and incorporates by reference each and every allegation contained in Paragraphs 1 through 26 of this Complaint.

28. An actual controversy has arisen and now exists between Plaintiff, on the one hand, and Defendants, and each of them, on the other hand, concerning their respective rights,

-6-

COMPLAINT FOR DECLARATORY RELIEF AND TURNOVER

duties and interests in the Trust Property of the Rens Family Trust, also known as the Miramar Park Property, in that Plaintiff contends that:

    (A)    Twenty five percent (25%) of the Debtor's interest in the Trust Property of the Rens Family Trust, also known as the Miramar Park Property, is property of the bankruptcy estate under 11 U.S.C., Section 541(a).

    (B)    Upon the natural termination of the Ground Lease which is July 31, 2035, the Trust Termination Date, the bankruptcy estate is entitled receive a payment equal to 25% of the Debtor's share in the Trust Property of the Rens Family Trust, also known as the Miramar Park Property, minus the Debtor's Advancements.

29. Defendants, and each of them, dispute these contentions of Plaintiff and contend as follows:

    (A)    Twenty five percent (25%) of the Debtor's interest in the Trust Property of the Rens Family Trust, also known as the Miramar Park Property, is not property of the bankruptcy estate under 11 U.S.C., Section 541(a).

    (B)    Upon the natural termination of the Ground Lease which is July 31, 2035, the Trust Termination Date, the bankruptcy estate is not entitled receive a payment equal to 25% of the Debtor's share in the Trust Property of the Rens Family Trust, also known as the Miramar Park Property, minus the Debtor's Advancements.

30. Plaintiff desires a judicial determination of his rights and duties in the Trust Property of the Rens Family Trust, also known as the Miramar Park Property, and any property arising therefrom, a declaration that:

    (A)    Twenty five percent (25%) of the Debtor's interest in the Trust Property of the Rens Family Trust, also known as the Miramar Park Property, is property of the bankruptcy estate under 11 U.S.C., Section 541(a).

    (B)    Upon the natural termination of the Ground Lease which is July 31, 2035, the Trust Termination Date, the bankruptcy estate is entitled receive a

payment equal to 25% of the Debtor's share in the Trust Property of the Rens Family Trust, also known as the Miramar Park Property, minus the Debtor's Advancements.

31. A judicial declaration is necessary and appropriate at this time under the circumstances in that Plaintiff must ascertain his rights, duties and interests as they relate to the debtor's interest in the Trust Property of the Rens Family Trust, also known as the Miramar Park Property, and any property arising therefrom, and the above-described allegations.

### THIRD CLAIM FOR RELIEF

**(Turnover of Property of Estate, 11 U.S.C. § 542)**
**(Against Defendant, Robert Duane Rens)**

32. Plaintiff realleges and incorporates by reference each and every allegation contained in Paragraphs 1 through 31 of this Complaint.

33. Plaintiff is informed and believes and based thereon alleges that defendant and debtor, Mr. Rens, has taken custody, possession and/or control of the estate's interest in the Debtor's Monthly Trust Income payments from the Rens Family Trust which have accrued and have been paid to defendant beginning from the date of the petition until the date of judgment in this case.

34. Plaintiff is entitled to use, sell, or lease the estate's interest in the Debtor's Monthly Trust Income payments from the Rens Family Trust which have accrued and have been paid to defendant beginning from the date of the petition until the date of judgment in this case and any property arising therefrom, including any documents relating thereto, for the benefit of this bankruptcy estate.

35. Plaintiff is informed and believes and based thereon alleges that turnover to the plaintiff of an amount equal to the estate's interest in the Debtor's Monthly Trust Income payments from the Rens Family Trust which have accrued and have been paid to defendant beginning from the date of the petition until the date of judgment in this case and any property arising therefrom, including any documents relating thereto, is proper pursuant to 11 U.S.C. §542.

**FOURTH CLAIM FOR RELIEF**

**(Turnover of Property of Estate, 11 U.S.C. § 542 and/or 543)**
**(Against Defendant, Cheri Lee Hubka Sparhawk)**

36.     Plaintiff realleges and incorporates by reference each and every allegation contained in Paragraphs 1 through 35 of this Complaint.

37.     Plaintiff is informed and believes and based thereon alleges that defendant, Ms. Sparhawk, as the trustee of the Rens Family Trust, has taken custody, possession and/or control of (1) the estate's interest in the Debtor's Monthly Trust Income payments from the Rens Family Trust which arises from the payments collected under the Ground Lease, and continues to accrue each month after the date of the petition, and shall continue until the date of judgment in this case, and (2) the estate's interest in the Trust Property, also known as the Miramar Park Property.

38.     Plaintiff is entitled to use, sell, or lease the estate's interest in the (1) the estate's interest in the Debtor's Monthly Trust Income payments from the Rens Family Trust which arises from the payments collected under the Ground Lease, and continues to accrue each month after the date of the petition, and shall continue until the date of judgment in this case, and (2) upon the natural termination of the Ground Lease which is July 31, 2035, the Trust Termination Date, the estate's interest in the Trust Property, also known as the Miramar Park Property, and any property arising therefrom, including any documents relating thereto, for the benefit of this bankruptcy estate.

39.     Plaintiff is informed and believes and based thereon alleges that turnover to the plaintiff of an amount equal to (1) the estate's interest in the Debtor's Monthly Trust Income payments from the Rens Family Trust which arises from the payments collected under the Ground Lease, and continues to accrue each month after the date of the petition, and shall continue until the date of judgment in this case, and (2) upon the natural termination of the Ground Lease which is July 31, 2035, the Trust Termination Date, the estate's interest in the Trust Property, also known as the Miramar Park Property, and any property arising therefrom, including any documents relating thereto, is proper pursuant to 11 U.S.C. § 542.

///

WHEREFORE, plaintiff prays for judgment against defendants as follows:

**FIRST CLAIM FOR RELIEF**:

**(Declaratory Relief Against All Defendants)**

1. For a declaration that:

    (A) Twenty five percent (25%) of Debtor's Monthly Trust Income payments from the Rens Family Trust which have accrued, and will accrue in the future, beginning from the date of the petition until the Ground Lease terminates on July 31, 2035, is property of the bankruptcy estate under 11 U.S.C., Section 541(a).

2. For damages in an uncertain amount, subject to further proof;
3. For costs of suit incurred herein; and
4. For such other and further relief as the court may deem necessary and proper.

**SECOND CLAIM FOR RELIEF**:

**(Declaratory Relief Against All Defendants)**

1. For a declaration that:

    (A) Twenty five percent (25%) of the Debtor's interest in the Trust Property of the Rens Family Trust, also known as the Miramar Park Property, is property of the bankruptcy estate under 11 U.S.C., Section 541(a).

    (B) Upon the natural termination of the Ground Lease which is July 31, 2035, the Trust Termination Date, the bankruptcy estate is entitled receive a payment equal to 25% of the Debtor's share in the Trust Property of the Rens Family Trust, also known as the Miramar Park Property, minus the Debtor's Advancements.

2. For damages in an uncertain amount, subject to further proof;
3. For costs of suit incurred herein; and
4. For such other and further relief as the court may deem necessary and proper.

///

### THIRD CLAIM FOR RELIEF

**(Turnover of Property Against Defendant, Robert Duane Rens)**

1. For turnover of the estate's interest, to the extent constituting property of the estate that is beyond any applicable portion of the debtor's claimed exemption amount, in the Debtor's Monthly Trust Income payments from the Rens Family Trust which have accrued and have been paid to defendant beginning from the date of the petition until the date of judgment in this case and any property arising therefrom, including any documents relating thereto, for the benefit of this bankruptcy estate;

2. For costs of suit incurred herein; and

3. For such other and further relief as the court may deem necessary and proper.

### FOURTH CLAIM FOR RELIEF

**(Turnover of Property Against Defendant, Cheri Lee Hubka Sparhawk)**

1. For turnover of the estate's interest, and to the extent constituting property of the estate that is beyond any applicable portion of the debtor's claimed exemption amount, in the (1) the estate's interest in the Debtor's Monthly Trust Income payments from the Rens Family Trust which arises from the payments collected under the Ground Lease, and continues to accrue each month after the date of the petition, and shall continue until the date of judgment in this case, and (2) the estate's interest in the Trust Property, also known as the Miramar Park Property, and any property arising therefrom, including any documents relating thereto, for the benefit of this bankruptcy estate;

2. For costs of suit incurred herein; and

3. For such other and further relief as the court may deem necessary and proper.

NORTON MOORE & ADAMS
Limited Liability Partnership

Dated: July 2, 2019

By: /s/ Richard C. Norton
Richard C. Norton
Attorneys for Gerald H. Davis, Trustee

-11-
COMPLAINT FOR DECLARATORY RELIEF AND TURNOVER